## No. 694

## PARKER v. YOUNGSTOWN MUNICIPAL RY.

Ohio Appeals, 7th District, Mahoning County
Decided March 16, 1923

### 367. TRIALS.

Misconduct of jury in viewing damaged car (47) cannot be taken advantage of unless complained of at trial.

ROBERTS, J.

#### Epitomized Opinion

The motorcycle on which Parker was riding collided with street car of Railway Co. Parker was riding his motorcycle with side car attached on the right-hand side of the street as he approached the street car. He changed his course, crossed the track and was riding upon the devil strip when a chain, which was attached to the rear fender of the street car, struck Parker in the shoulder and threw him from the motorcycle, causing serious injury. Parker contended that it was necessary to change his course because of the dangerous condition of the pavement, but the evidence disclosed that there was only a depression in the pavement. Near the conclusion of the trial and over the objection of Parker, the court permitted the jury to view the street car. At this view some of the jurors in inspecting the car took hold of the chain and tested it to determine how far the loop of the chain would swing beyond the side of the car. Counsel for both sides were present when this was done, but no complaint was made later to the trial judge. The Court of Appeals in affirming the judgment for the Railway Co. held:

1. An exception cannot be recognized when not complained of at the trial. It was the duty of counsel if they sought to claim anything on the ground of misconduct of the jury in viewing the car, to have immediately advised the trial court of what had taken place so that the court might, if thought proper, declared a new trial, discharge the jury, or give the jury instructions so as to eliminate any error in the conduct of the jury.

2. There was no condition of the pavement requiring Parker to leave the right-hand side where he could proceed in safety so far as the street car was concerned and to pass over and ride upon the devil strip.

Attorneys—T. Antonelli and Nicholson & Warnock, for Parker; Harrington, DeFord, Huxley & Ford, for Youngstown Municipal Railway.

## No. 695

## SHERWOOD v. COMMISSIONERS

Ohio Appeals, 8th District Cuyahoga County
No. 4338. Decided June 29, 1923

### 380-1. WILLS.

Intention of testatrix construed—No duty on executor to notify legatee of bequest under will.

MAUCK, J.

#### Epitomized Opinion

This is an action brought by Myra Morris against an executor of her mother's will. Morris claimed that under the provisions of her mother's will she was given a legacy of $2,000, which defendant, Mill, executor, had appropriated to his own use. The will provided that Myra was to have $2,000, "but if she did not claim the 'egacy . . . within 2 years after my death, then, etc" The plaintiff's mother died in September, 1918. The plaintiff did not make any claim for said legacy until May, 1921, as she did not learn of her mother's death until March, 1921. By the terms of the will, the executor was to get the $2,000 after the two-year period had elapsed. The evidence also disclosed that the plaintiff was in distant lands at the time of her mother's death and that the executor knew her whereabouts, but made no effort to inform her either of her mother's death or that her mother had left her a legacy under the terms of her will. The jury returned a verdict in favor of the plaintiff in the sum of $2,000. In reversing the judgment, the Court of Appeals held:

1. Under the terms of the will the intention of the testatrix was that her daughter should be entitled to the legacy only if she made claim or demand for it within the time limit in said will and that the time mentioned in said will is part of the gift itself and a limitation thereon.

2. As the will did not impose any duty upon the defendant as executor or legatee to notify the plaintiff and as there is no statute imposing such duty, the executor or legatee was not bound to notify the plaintiff of the bequest to her and that the defendant did not perpetrate any fraud upon plaintiff in trying to conceal from her her said estate or mislead her in any way in regard to her said rights under said will which would work an estoppel.

Attorneys—Vickery & Vickery, for Sherwood; Locher, Green & Woods, for Commissioners.

## No. 696

## NEWTON v. INDUSTRIAL COMMISSION

Ohio Appeals, 6th District, Lucas County
No. 1323. Decided June 25, 1923

### 384. WORKMEN'S COMPENSATION.

An act not applicable to non-resident employe of Ohio corporation under contract made in Ohio for services to be performed outside state (383).

KINKADE, J.

#### Epitomized Opinion

Mrs. Newton filed a claim with the Industrial Commission asking compensation for the death of her husband. He was killed in Missouri while in the employ of the Electric Auto Light Corporation of Toledo, Ohio. At the time of his death he was engaged in the course of his employment. Deceased was a citizen of Oklahoma. He took a course o finstruction at the Company's school in Toledo and upon completion thereof made a contract at Toledo with Electric Auto Light Corporation to perform services for the Company in Oklahoma, Texas Louisiana and Arkansas. He was enroute to his home in Oklahoma City from Arkansas when killed in a railroad accident in Missouri. The claim was rejected by Industrial Commission and Mrs. Newton appealed to Lucas Common Pleas. A jury was waived and the trial court dismissed Mrs. Newton's petition. In affirming the judgment the Court of Appeals held:

1. Where the employe resides outside of the state of Ohio and all of his services are performed outside the state. in that case the situation is not covered by the Ohio Workmen's Compensation Act, even though the contract was entered into in Ohio.

2. It was not the intention of the legislature to have the provisions of this act cover all persons who might be in the employ of an Ohio employer, no matter where they might reside or perform the service so long as they should be within the U. S.

Attorneys—J. H. Boyd, for Newton; Tyler, Northup, McMahon & Smith for Industrial Commission.